T.C. Summary Opinion 2002-73

UNITED STATES TAX COURT

VICTOR AND LORAIN CISNEROS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2128-01S.                    Filed June 13, 2002.

Lorain Cisneros, pro se.

<u>Douglas S. Polsky</u>, for respondent.

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
years at issue.  All Rule references are to the Tax Court Rules
of Practice and Procedure.

Respondent determined deficiencies of $5,644 and $5,936 in petitioners' Federal income taxes, respectively, for 1998 and 1999 and corresponding penalties under section 6662(a) in the amounts of $1,129 and $1,187.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Albuquerque, New Mexico.

For each of the years in question, petitioners claimed itemized deductions on a Schedule A, Itemized Deductions, of their Federal income tax return. For 1998, petitioners claimed itemized deductions totaling $44,192, of which $21,863 was disallowed by respondent. For 1999, petitioners deducted $54,365, of which $21,205 was disallowed by respondent. Petitioners, nevertheless, were allowed itemized deductions for both years, since the total of their other claimed and allowed deductions exceeded the standard deduction under section 63(c). For the 2 years at issue, the disallowed deductions consisted of charitable contributions, job expenses, and other miscellaneous deductions.

During 1998, Mrs. Cisneros won $1,000 from a lottery. That income was not included as income on petitioners' 1998 Federal income tax return. Respondent determined that the $1,000 constituted gross income. The issues for decision are: (1)

Whether petitioners are entitled to a deduction for gambling losses in an amount equal to gambling winnings of $1,000; (2) whether petitioners are entitled to the disallowed itemized deductions; and (3) whether petitioners are liable for the penalties under section 6662(a). In addition, the Court considers the applicability of section 6673(a) to the facts of this case.

Petitioners were both employed during the 2 years in question. Mr. Cisneros was a manufacturing technician, and Mrs. Cisneros was a transaction specialist for the Intel Corp. They reported combined wages of $106,682 and $123,225, respectively, for 1998 and 1999.

The record is unclear as to how petitioners prepared and filed their Federal income tax returns for the years prior to the years at issue. For the 2 years in question, however, petitioners' returns were prepared by Robin Beltran upon a recommendation of one of Mrs. Cisneros' coworkers at Intel Corp.[2] For the initial year, 1998, petitioners presented to Mr. Beltran the same type documentation petitioners maintained for earlier years. However, Mr. Beltran convinced petitioners that such documentation was not necessary, and the amounts claimed on the

---

[2] The Court notes that this case is one of numerous cases heard by the Court involving tax returns prepared by Mr. Beltran, which essentially involve the same deductions at issue here.

returns, as Mrs. Cisneros testified, represented amounts that Mr. Beltran "came up with on his own".

The disallowed deductions consisted of the following amounts claimed on petitioners' returns:

|  | 1998 | 1999 |
|---|---|---|
| Charitable contributions | $ 8,365 | $ 9,663 |
| Unreimbursed employee expenses and tax preparation fees (before the sec. 67(a)limitation) | 15,600 | 14,032 |

Mrs. Cisneros acknowledged at trial that their actual charitable contributions were considerably less than the amounts claimed on their returns.  Mrs. Cisneros estimated that petitioners actually contributed to charity during 1998 approximately $5,000, but she made no estimate for 1999. Petitioners submitted canceled checks at trial for contributions totaling $30 for 1998 and $62 for 1999.

The unreimbursed employee expenses shown above allegedly represented expenses incurred by Mr. Cisneros for out-of-town travel in connection with his employment.  No log or other books and records were offered at trial to substantiate the amounts claimed.

With respect to the first issue, Mrs. Cisneros acknowledged having won $1,000 from a lottery during 1998.  That amount was not included as income on petitioners' return.  Mrs. Cisneros

contended that this income was offset by "thousands" of dollars in gambling losses sustained that year. She admitted to other winnings; however, none of those winnings were included on the tax returns. Moreover, no books and records were maintained to reflect the total amounts spent on gambling and all the winnings or income as well as losses therefrom.

The law is clear that income from gambling is includable in gross income. Sec. 61. Section 165(d) provides that "Losses from wagering transactions shall be allowed only to the extent of the gains from such transactions." Sec. 1.165-10, Income Tax Regs. This Court, in Rodriguez v. Commissioner, T.C. Memo. 2001-36, stated:

> In order to establish entitlement to a deduction for wagering losses in this Court, the taxpayer must prove that he sustained such losses during the taxable year. See Mack v. Commissioner, 429 F.2d 182 (6th Cir. 1970), affg. T.C. Memo. 1969-26; Stein v. Commissioner, 322 F.2d 78 (5th Cir. 1963), affg. T.C. Memo. 1962-19. He must also prove that the amount of such wagering losses claimed as a deduction does not exceed the amount of the taxpayer's gains from wagering transactions. See sec. 165(d). Implicitly, this requires the taxpayer to prove both the amount of his losses and the amount of his winnings. See Schooler v. Commissioner, 68 T.C. 867, 869 (1977); Donovan v. Commissioner, T.C. Memo. 1965-247, affd. per curiam 359 F.2d 64 (1st Cir. 1966). Otherwise, there can be no way of knowing whether the sum of the losses claimed on the return is greater or less than the taxpayer's winnings. * * *

Petitioners maintained no books and records to reflect their winnings and losses from wagering and gambling activities. The

only evidence presented at trial was a bank statement for 1 month of a checking account in the name of Mrs. Cisneros showing various deposits and withdrawals, with the withdrawals purportedly reflecting the "losses" sustained. The Court rejects such evidence. Petitioners have not established any losses to offset the $1,000 winnings. Respondent is sustained on this issue.

With respect to the second issue regarding the disallowed itemized deductions, as noted above, respondent disallowed all the charitable contributions claimed by petitioners for 1998 and 1999. Petitioners presented canceled checks at trial reflecting charitable contributions totaling $30 for 1998 and $62 for 1999. On this record, the Court is satisfied that petitioners are entitled to charitable contribution deductions of $300 for each year at issue in accordance with this Court's discretionary authority under Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).

As to the employee business expenses that were disallowed, the record shows that the amounts claimed on the returns were arbitrarily determined by Mr. Beltran, and those amounts cannot be recognized. Under section 274(d) and the regulations thereunder, such expenses are subject to strict substantiation rules that require "adequate records" through either an account book, diary, statement of expense, or similar record, as well as

documentary evidence to establish each element of an expenditure. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). No records were presented at trial to substantiate these expenses; consequently, respondent is sustained on the disallowance of the employee business expenses. All other expenses petitioners incurred that would be deductible as itemized deductions, such as, for example, tax preparation fees, while allowable, would not exceed 2 percent of petitioners' adjusted gross income under section 67(a). Thus, none of the itemized deductions on Schedule A, Itemized Deductions, of petitioners' returns for job expenses and most other miscellaneous deductions are deductible. Respondent, therefore, is sustained on this issue.

With respect to the third issue, petitioners contend they should be absolved of liability for the section 6662(a) penalties because they relied on the representations of their return preparer.

Petitioners knew that the amounts claimed on their tax returns were false. The Court specifically questioned Mrs. Cisneros why she and her husband would allow tax returns prepared for them that were incorrect. She testified:

> THE WITNESS: Well, Mr. Beltran was very convincing. He made us feel comfortable with what he told us. If we gave him a reason why we thought maybe this was too high, or where he came up with it, he just reassured us that

everything was fine.  He told us that everybody should be getting money back from the IRS.  If you didn't, whoever would prepare them didn't prepare them right, your returns.  He convinced us that everything was fine.

He told us that there were limits that you could go up to, not to get in trouble with, not to do anything wrong with.  He made sure that we were okay, that we asked him, you know, how is this going to come out later on?  Are we going to get in trouble?  What's going to happen?

This is, you know, we weren't sure either.  We didn't understand it.  We were confused, too.  And he made sure that everything was right.  He made sure of it.

Section 6662(a) provides for an accuracy-related penalty equal to 20 percent of any portion of an underpayment of tax required to be shown on the return that is attributable to the taxpayer's negligence or disregard of rules or regulations.  Sec. 6662(a) and (b)(1).  Negligence consists of any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and disregard consists of any careless, reckless, or intentional disregard.  Sec. 6662(c).  The courts have refined the Code definition of negligence as a lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances.  Allen v. Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1 (1989).  Section 1.6662-3(b)(1), Income Tax Regs., provides that "Negligence is strongly indicated where * * * a taxpayer fails to make a reasonable attempt to ascertain the correctness of a deduction * * * on a return which

would seem to a reasonable and prudent person to be 'too good to be true' under the circumstances".

An exception applies when the taxpayer demonstrates (1) there was reasonable cause for the underpayment, and (2) the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c). Whether the taxpayer acted with reasonable cause and in good faith is determined by the relevant facts and circumstances. The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. Under section 1.6664-4(b)(1), Income Tax Regs., "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Moreover, a taxpayer is generally charged with knowledge of the law. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). Although a taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, the taxpayer must take reasonable steps to determine the law and to comply with it. Id.

Under certain circumstances, a taxpayer may avoid the accuracy-related penalty for negligence where the taxpayer reasonably relied on the advice of a competent professional.

Sec. 1.6664-4(b)(1), Income Tax Regs.; see sec. 6664(c); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).  However, reliance on a professional adviser, standing alone, is not an absolute defense to negligence; it is only one factor to be considered. In order for reliance on a professional adviser to relieve a taxpayer from the negligence penalty, the taxpayer must establish that the professional adviser on whom he or she relied had the expertise and knowledge of the relevant facts to provide informed advice on the subject matter.  Freytag v. Commissioner, supra at 888.

Petitioners made no effort to ascertain the professional background and qualifications of their return preparer.  They knew that the items at issue were false and expressed their reservations to Mr. Beltran.  The answers he gave them should have raised other questions.  Petitioners clearly did not make a reasonable effort to determine whether the representations of Mr. Beltran were correct.  They did not consult other tax professionals to verify the accuracy of the returns prepared by Mr. Beltran or the representations he made to them regarding their deductions.  The Court is satisfied from the record that Mr. Beltran knew, or had reason to know, all the relevant facts upon which, had he been a qualified professional, he could have accurately advised petitioners on the amount of their allowable

deductions.  Mr. Beltran disregarded the documentary evidence petitioners presented to him and, instead, listed unrealistic amounts as deductions on the returns.  The Court is further satisfied that petitioners knew they were required under the law to substantiate deductions claimed on their returns.  The reservations they expressed to Mr. Beltran and the answers he gave them should have prompted them to look beyond and ascertain the accuracy of his representations.  Petitioners, therefore, made no effort to assess their tax liability correctly.  On this record, the Court sustains respondent on the section 6662(a) accuracy-related penalties for the years in question.

Section 6673(a) authorizes the Court to require a taxpayer to pay to the United States a penalty not exceeding $25,000 when, in the Court's judgment, proceedings have been instituted or maintained by the taxpayer primarily for delay or where the taxpayer's position in the proceeding is frivolous or groundless. The Court considers petitioners' claim that they should not be liable for the deficiencies and penalties to be frivolous and groundless.  Petitioners knew, or should have known, that a substantial portion of the itemized deductions at issue was false and could not be sustained.  Petitioners knew that they could deduct only amounts that they had actually paid.  They made no attempt to determine the qualifications of their return preparer and, moreover, did not seek other professional advice to satisfy

the concerns they had over the returns prepared by Mr. Beltran. Petitioners cited no legal authority to the Court that, under similar facts, would exonerate them from the penalties under section 6662(a).

The function of this Court is to provide a forum to decide issues relating to liability for Federal taxes. Any reasonable and prudent person, under the facts presented to the Court, should have known that petitioners' claimed deductions could not have been sustained, and petitioners knew that. This Court does not and should not countenance the use of this Court as a vehicle for disgruntled litigants to proclaim the wrongdoing of another, his return preparer, as a basis for relief from penalties that were determined by respondent on facts that clearly are not sustainable. Golub v. Commissioner, T.C. Memo. 1999-288. Petitioners, therefore, have interfered with the Court's function to the detriment of other parties having cases with legitimate issues for the Court to consider. Petitioners have caused needless expense and wasted resources, not only for the Court, but for its personnel, respondent, and respondent's counsel. Under these circumstances, the penalty under section 6673 is warranted, and petitioners will be ordered to pay a penalty of $500 to the United States under section 6673(a).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered
under Rule 155.